**John Louis EVANS, III, Petitioner–Appellant,**

v.

**Robert G. BRITTON, Commissioner, Alabama Board of Corrections, and Joseph Oliver, Warden, Holman Prison, Respondents–Appellees.**

No. 79–2674.

United States Court of Appeals, Fifth Circuit.

Oct. 15, 1980.

John L. Carroll, Dennis N. Balske, Montgomery, Ala., Steven Alan Reiss, Washington, D. C., for petitioner–appellant.

Charles A. Graddick, Atty. Gen., Edward E. Carnes, Asst. Atty. Gen., Montgomery, Ala., for respondents–appellees.

Before VANCE and SAM D. JOHNSON, Circuit Judges, and THOMAS,* District Judge.

PER CURIAM:

John Louis Evans, III, was convicted of capital murder by a jury and was sentenced to death in an Alabama state court. In his 28 U.S.C. § 2254 petition for habeas corpus relief, denied by the district court, 472 F.Supp. 707, he alleges that because the Alabama death penalty statute, Code of Ala. § 13–11–2 (1975), deprived him of due process of law and equal protection and constituted cruel and unusual punishment in violation of the United States Constitution, his conviction must be reversed. The Alabama statute precludes the jury from considering lesser included offenses in capital cases; thus it gives the jury the option of convicting a defendant of the capital offense or of acquitting him.

In *Beck v. Alabama*, —— U.S. ——, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980), the United States Supreme Court was presented with a challenge to the Alabama death penalty statute and held that a death sentence could not constitutionally be imposed after a jury verdict of guilt of a capital offense, when the jury was not permitted to consider a verdict of guilt of a lesser included non–capital offense, and when the evidence would have supported such a verdict. The state argues that *Beck* does not control this case. In *Beck*, the state conceded that Beck's testimony would have entitled him

* United States District Judge for the Southern District of Alabama, sitting by designation.

to an instruction on a lesser included offense, absent the statutory prohibition. The state says that there was no evidence adduced by Evans which would require instruction on a lesser offense even if such instruction were not prohibited. It urges that we certify to the Alabama Supreme Court whether the constitutionally offensive portions of the Alabama Capital Punishment Statute may be severed from the remainder of the Statute. It reasons that Evans' conviction should be allowed to stand with the preclusion clause severed from the Statute.

We cannot reconcile this position with the Supreme Court's language in *Beck* :

> In the final analysis the difficulty with the Alabama statute is that it interjects irrelevant considerations into the factfinding process, diverting the jury's attention from the central issue of whether the State has satisfied its burden of proving beyond a reasonable doubt that the defendant is guilty of a capital crime. Thus, on the one hand, the unavailability of the third option of convicting on a lesser included offense may encourage the jury to convict for an impermissible reason—its belief that the defendant is guilty of some serious crime and should be punished. On the other hand, the apparently mandatory nature of the death penalty may encourage it to acquit for an equally impermissible reason—that, whatever his crime, the defendant does not deserve death. In any particular case these two extraneous factors may favor the defendant or the prosecution or they may cancel each other out. But *in every case they introduce a level of uncertainty and unreliability into the factfinding process that cannot be tolerated in a capital case.*

—— U.S. at ——, 100 S.Ct. at 2392 (emphasis added).

Obviously we cannot conclude that Evans' trial under an unconstitutional statute was harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967). The peculiar nature of the offensive statute would infect virtually every aspect of any capital defendant's trial from beginning to end. Each and every decision concerning trial strategy, the selection of evidence to use and its presentation, the argument of counsel, objections, requests for charges, all were inevitably influenced by the brooding omnipresence of the unconstitutional edict—Evans must either be sentenced by the jury to die or he must be set free.

The state says that harm to Evans is sheer speculation because he did not even undertake to prove a lesser offense. It seems to us, however, that it offends the most fundamental notions of fairness for the state first to tell Evans that there is no lesser offense and then later urge that his death sentence should be upheld because he failed to present evidence which would prove a lesser included offense.

We will not speculate as to whether if tried under a constitutional statute Evans will adopt some different strategy or whether he can present evidence of some less serious offense. We also will not speculate as to whether the Supreme Court of Alabama can judicially tailor the state statute to pass constitutional muster. We decline to certify his case to the state court because, as to Evans, certification would be nothing more than an empty academic exercise. The infirmity in his trial cannot be excised retroactively. Evans may not be executed until and unless he be tried, convicted and sentenced in a manner that at least meets minimum constitutional standards. His trial, conviction and sentence now before us was under a statute which the Supreme Court says introduces *in every case* a level of uncertainty and unreliability that cannot be tolerated.

The judgment of the district court denying relief under 28 U.S.C. § 2254 must be reversed.

REVERSED.

DANIEL HOLCOMBE THOMAS, District Judge, dissenting:

This writer respectfully dissents. I would certify to the Alabama Supreme Court the question of whether the preclu-

sion clause of the Alabama Capital Punishment Statute may be severed from the remainder of the Statute.

The State of Alabama has filed a motion requesting that the certification be granted. I think that the question of severability is a question of Alabama law and that certification to the Alabama Supreme Court should be granted.

I dissent.