**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Lewis Lee BONIFACE,
Defendant–Appellant.**

No. 80–1450
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.
Unit A

Dec. 4, 1980.

Lewis L. Boniface, pro se.

James R. Gough, Houston, Tex., for plaintiff–appellee.

Before BROWN, POLITZ and TATE, Circuit Judges.

PER CURIAM:

On April 2, 1970, appellant, Lewis Lee Boniface, pleaded guilty to a charge of failure to pay a transfer tax on eleven and one–half pounds of marijuana in violation of 26 U.S.C. § 4744(a)(2). Boniface presently appeals the District Court's denial of his motion to vacate his sentence (28 U.S.C. § 2255) and his motion to inspect and copy the minutes of the grand jury proceedings. We affirm.

Boniface's present motion to vacate his sentence is based on essentially the same grounds as one he filed on April 3, 1978. That motion was dismissed by the District Court on the grounds that Boniface's plea of guilty precluded collateral attack by petition to vacate the sentence based on a claim of defect in the indictment, citing *Swepston v. United States*, 289 F.2d 166 (8th Cir.), *cert. denied*, 369 U.S. 812, 82 S.Ct. 689, 7 L.Ed.2d 612 (1961). The District Court subsequently entered an order denying Boniface leave to appeal In Forma Pauperis because the appeal would be frivolous. This Circuit also denied Boniface's motion for leave to proceed In Forma Pauperis. Ultimately, the Supreme Court, on December 11, 1978, also entered an order denying Boniface's motion. *Boniface v. United States*, 439 U.S. 1044, 99 S.Ct. 738, 58 L.Ed.2d 716 (1978). Boniface's appeal was dismissed by this Court on December 29, 1978 for want of prosecution for failure to timely docket his appeal.

At the base of Boniface's complaint is the contention that his indictment was defective because the actual indictment was clandestinely constructed by the United States Attorney *after* the grand jury voted on it and that it was subsequently signed by the Foreman separate and apart from the grand jury. Whether or not Boniface's present petition was properly characterized by the District Court as a "successive petition" because the appeal of his original peti-

tion was dismissed for want of prosecution,[1] we believe that the District Court's dismissal of the petition was proper.

This Court has consistently held that a guilty plea voluntarily and understandingly made waives all non–jurisdictional defects in the prior proceedings against the accused. *Howard v. United States*, 420 F.2d 478, 479–80 (5th Cir. 1970); *Rice v. United States*, 420 F.2d 863, 867 (5th Cir. 1969), *cert. denied*, 398 U.S. 910, 90 S.Ct. 1705, 26 L.Ed.2d 70 (1970); *Askew v. Alabama*, 398 F.2d 825, 826 (5th Cir. 1968); *Cooper v. Holman*, 356 F.2d 82, 84 (5th Cir.), *cert. denied*, 385 U.S. 855, 87 S.Ct. 103, 17 L.Ed.2d 83 (1966); *Busby v. Holman*, 356 F.2d 75, 77 (5th Cir. 1966). Boniface does not suggest that his guilty plea was not made voluntarily and understandingly. Furthermore, the defect in the indictment of which Boniface complains is clearly non–jurisdictional.

Having concluded that Boniface's petition was properly dismissed, we need not consider his complaints that he was denied a full evidentiary hearing on his § 2255 motion and denied access to a copy of the grand jury minutes.

AFFIRMED.

---

1. See, *Moody v. U. S.*, 580 F.2d 238, 239 (6th Cir. 1978).