**John Louis EVANS, III, Petitioner-Appellant,**

v.

**Robert G. BRITTON, Commissioner, Alabama Board of Corrections, and Joseph Oliver, Warden, Holman Prison, Respondents-Appellees.**

**No. 79–2674.**

United States Court of Appeals, Fifth Circuit.

March 9, 1981.

John L. Carroll, Dennis N. Balske, Montgomery, Ala., Steven Alan Reiss, Washington, D. C., for petitioner-appellant.

Charlie Graddick, Atty. Gen., Edward Carnes, Asst. Atty. Gen., Montgomery, Ala., for respondents-appellees.

On Petition for Rehearing

[Opinion Oct. 15, 1980, 628 F.2d 400 (5th Cir. 1980)]

Before VANCE and SAM D. JOHNSON, Circuit Judges and THOMAS,* District Judge.

---

* District Judge of the Southern District of Alabama, sitting by designation.

PER CURIAM:

In its petition for rehearing, the state raises two points which merit further comment.

■ The state first argues that the panel ignored the effect of Evans' guilty plea. The state maintains that, under Alabama law, the guilty plea was effective, and forecloses on any doubt regarding the fairness of Evans' trial. The initial difficulty with the state's position is that Evans' guilty plea was not accepted by the trial court. The Alabama Supreme Court reached this specific point in dealing with Evans' codefendant Ritter. Evans and Ritter both entered identical pleas, *Evans v. State*, 361 So.2d 654, 655–56 (Ala.Crim.App.1977). On appeal, the Alabama Supreme Court adopted the statement of facts of the Court of Criminal Appeals, affirmed as to Evans, but remanded to the Court of Criminal Appeals as to Ritter, *Evans v. State*, 361 So.2d 666 (Ala.1978), *cert. denied*, 440 U.S. 930, 99 S.Ct. 1267, 59 L.Ed.2d 486 (1979). On remand the Court of Criminal Appeals reinstated the conviction, *Ritter v. State*, 375 So.2d 266 (Ala.Crim.App.1978). In affirming, the Supreme Court described the events as follows:

> Nevertheless, against the advice of his attorney, Ritter entered a guilty plea to the robbery and intentional killing of Nassar. (He also pled guilty to the robbery of a Radio Shack in Mobile.) *The trial judge, however, did not accept the guilty plea but instead set the matter for presentation to a jury.*

*Ex parte Ritter*, 375 So.2d 270, 276 (Ala. 1979), *vacated* —— U.S. ——, 100 S.Ct. 3044, 65 L.Ed.2d 1133 (1980) (emphasis added). Since Ritter's plea was identical to Evans', it is clear that, under Alabama law as interpreted by the Alabama Supreme Court, Evans' plea of guilty was not accepted.[1]

■ The instruction which the trial judge gave to the jury makes it clear that the rejected guilty plea was not determinative.

> I can only tell you that in reaching your verdict, you may not take the simple approach and say, if the Defendant admits he did it, we go no further. You must reach a verdict that is supported by all of the creditable evidence that has been presented to you in this case.... A Defendant in Alabama is presumed to be innocent, and this presumption of innocence attends him as a matter of evidence until the State has, by the evidence, proved him guilty beyond all reasonable doubt. That is the burden that is on the State of Alabama. They must prove the Defendant guilty beyond all reasonable doubt.... Until and unless the State proves the Defendant guilty beyond a reasonable doubt, you cannot convict him.

The state took no exception to these instructions at trial. It therefore cannot now

---

1. Evans' and Ritter's pleas were not accepted because of language in the Alabama Death Penalty and Life Imprisonment Without Parole Act, Ala.Code tit. 13, §§ 11–1 et seq. Section 13–11–2(a) allows a death penalty to be imposed "[i]f a jury finds the defendant guilty ...." This language was interpreted in *Prothro v. State*, 370 So.2d 740 (Ala.Crim.App.1979), to require a jury trial even if the defendant sought to plead guilty. Note the specific reference to the Evans and Ritter trial:

> The Act, *ex vi termini*, and the Alabama Legislature, *ex proprio vigore*, have set forth not only the only crimes for which one may be punished by death or by life imprisonment without parole, but also the only method by which either punishment may be lawfully imposed. *Neither the death sentence nor a sentence to life imprisonment without parole is permissible, whether by agreement of all con-*

cerned or not, *in the absence of a verdict of a jury finding the defendant guilty and fixing his punishment at death.*

> We must come to the conclusion that in Alabama the constitutional and statutory law does not permit the trial court, without a jury, to try or fix the punishment in a capital case.... In Alabama, under the Death Penalty and Life Imprisonment Without Parole Act, he cannot waive a jury trial, even with the consent of the prosecution and the consent of the trial court; he cannot by such a maneuver avoid the legal necessity for a jury to try the facts, find defendant guilty or not guilty, and if found guilty to fix his punishment at death. Such was the procedure in the *Evans and Ritter v. State, supra,* in which defendants pleaded guilty and requested the death penalty.

*Id.* at 746 (emphasis in original).

be heard to argue that "a valid guilty plea conclusively establishes all elements of the offense charged and removes any issue of factual guilt." [2] We also observe that the Alabama courts themselves considered the merits of Evans' contention that the death penalty statute was unconstitutional. Contrary to the state's position, the Alabama courts were no more willing than we to regard the rejected guilty plea as disposing of the constitutional issue. *Evans v. State*, 361 So.2d at 662; *Evans v. State*, 361 So.2d at 667.

■ Finally, even if all of the state's contentions were allowed, it would not have the legal result for which it argues. A guilty plea waives constitutional challenges to proceedings *before* the plea is entered, not to events afterwards. "The *Brady* trilogy announced the general rule that a guilty plea, intelligently and voluntarily made, bars the later assertion of constitutional challenges to the pretrial proceedings." *Lefkowitz v. Newsome*, 420 U.S. 283, 288, 95 S.Ct. 886, 889, 43 L.Ed.2d 196 (1975).

We thus reaffirm the principle recognized in the *Brady* trilogy: a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973).

The rule in this circuit is the same, as is that of Alabama.

This Court has consistently held that a guilty plea voluntarily and understandingly made waives all non-jurisdictional defects in the prior proceedings against the accused.

*United States v. Boniface*, 631 F.2d 1228, 1229 (5th Cir. 1980); *accord, Stanley v. Wainwright*, 604 F.2d 379, 380 n. 1 (5th Cir. 1979), *cert. denied*, 447 U.S. 925, 100 S.Ct. 3019, 65 L.Ed.2d 1118 (1980).

A guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a person admits in Open Court that he is in fact guilty of the crime or crimes with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Harris v. State*, 367 So.2d 524, 533 (Ala. Crim.App.1978), *cert. denied*, 367 So.2d 534 (Ala.1979).

Thus, even if Evans' guilty plea had been accepted, it would have waived his right to challenge only defects in prior proceedings. It would also have waived his right to trial. However, a guilty plea has never been held to waive future defects if the case is nevertheless tried.

■ The state's second point is that, in view of what it contends is the overwhelming evidence of Evans' guilt, no defects in the statute or the trial procedure, no matter how grave, could possibly have prejudiced him. However persuasive this argument might otherwise be, it has been foreclosed by the Supreme Court. In analyzing the Alabama statute in question, the Court stated as follows:

But in every case they [the defects in the statute] introduce a level of uncertainty and unreliability into the factfinding

---

**2.** Under Alabama law, it would not be possible to *accept* a guilty plea and then hold a full trial. "The rule of law is that a plea of guilty when accepted and entered by the court is a *conviction* ...." *Ex parte Sankey*, 364 So.2d 362, 363 (Ala.1978), *cert. denied*, 440 U.S. 964, 99 S.Ct. 1513, 59 L.Ed.2d 779 (1979) (emphasis added). Indeed, it is doubtful as a constitutional matter whether a guilty plea could ever be

held to establish actual guilt, but still to require a full trial. In *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) a defendant whose guilty plea had been accepted sought to argue the converse position, that his plea had waived trial but had not admitted factual guilt. The Supreme Court rejected this attempt to split the dual function of the guilty plea.

process that cannot be tolerated in a capital case.

*Beck v. Alabama,* 447 U.S. 625, 643, 100 S.Ct. 2382, 2392, 65 L.Ed.2d 392 (1980). "Every case" means even cases in which the defendant tried to plead guilty. The Court has established that there are "constitutional error[s] of the first magnitude and no amount of showing of want of prejudice would cure [them]." *Davis v. Alaska,* 415 U.S. 308, 318, 94 S.Ct. 1105, 1111, 39 L.Ed.2d 347 (1974). Unless the Supreme Court changes its language in *Beck,* we must conclude that the defects in the Alabama death statute fall into this category.

We extend our opinion. In all other respects the petition for rehearing is denied.

District Judge THOMAS continues to dissent for the reasons previously stated in the panel opinion.