DeCARLO, Judge.
This is an appeal from a denial of a petition for coram nobis and it is submitted to this court for review on briefs and oral argument.
Recardo Cook was originally tried and convicted under the old capital punishment act, prior to Beck v. Alabama, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980).
Cook was found guilty and the jury sentenced him to death. The punishment was later changed by the trial judge to life without parole. He is now before this court arguing that his petition for coram nobis should have been granted so that he could have the benefit of the “third option,” to have the jury charged on the lesser degrees of homicide as mandated in Beck v. Alabama, supra.
The State has argued that the evidence in the petition in this case did not warrant an instruction on a lesser included offense, because petitioner asserted an alibi defense and did not present any evidence tending to prove a lesser offense.
The Alabama Supreme Court has reversed and remanded Ex parte Wayne Eugene Ritter, 403 So.2d 154 (1981), for a new trial on authority of Beck v. Alabama, supra. The Ritter transcript contained no evidence of a lesser included offense because Ritter pleaded guilty to the capital offense. Justice Jones’ opinion, concurring in part and dissenting in part, stated:
“The majority of the Court, by directing that the Court of Criminal Appeals reverse the judgment of conviction and sentence and remand the case for a new trial, has mandated that all pre-Beck death penalty convictions and sentences be set aside and new trials ordered.”
See also Evans v. Britton, 628 F.2d 400 (5th Cir.1980). In our judgment, every pre-Beck death case must be reversed, regardless of the lack of evidence on lesser offenses. The following quote from Evans v. Britton, supra, illustrates the problem with all pre-Heck cases:
“The State says that harm to Evans is sheer speculation because he did not even undertake to prove a lesser offense. It seems to us, however, that it offends the most fundamental notions of fairness for the state first to tell Evans that there is no lesser offense and then later urge that his death sentence should be upheld because he failed to present evidence which would prove a lesser included offense.”
Therefore, the order of the Jefferson Circuit Court denying the petition for error coram nobis is hereby reversed and remanded on the mandate of Beck v. Alabama, supra, and Beck v. State, 396 So.2d 645 (1980) as modified.
REVERSED AND REMANDED.
HARRIS, P.J., and TYSON, J., concur.
BOOKOUT and BOWEN, JJ., dissent.