407 So.2d 162 (1981)
Ex parte Ricky Louis REED.
(Re Ricky Louis Reed v. State of Alabama).
Ex parte State of Alabama, ex rel. Attorney General.
(Re Ricky Louis REED v. STATE of Alabama).
79-560, 79-561.
Supreme Court of Alabama.
June 12, 1981.
Rehearing Denied August 28, 1981.
Motion for Clarification of Opinion on Rehearing October 2, 1981.
*163 J. Louis Wilkinson, Birmingham, for petitioner in 79-560 and respondent in 79-561.
Charles A. Graddick, Atty. Gen., and Jean Williams Brown, Asst. Atty. Gen., for respondent in 79-560 petitioner in 79-561; and Ed Carnes, Asst. Atty. Gen., on application for rehearing and motions for clarification."
BEATTY, Justice.
The judgment of the Court of Criminal Appeals is reversed under the authority of Beck v. Alabama, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980), and Kyzer v. State, Ala., 399 So.2d 330 (1981), and this cause is remanded to that Court with directions to order a new trial.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Justices concur.

ON APPLICATION FOR REHEARING
BEATTY, Justice.
The State of Alabama urges this Court to stay its mandate of a new trial for the defendant. The ground advanced is that, because the United States Supreme Court has granted certiorari in Evans v. Britton, 628 F.2d 400 (5th Cir. 1980), op. ex. 639 F.2d 221 (5th Cir. 1981) and will review that decision in accord with its own decision rendered in Beck v. Alabama, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980), our own mandate should await that outcome.
We must point out that following the United States Supreme Court's decision in Beck v. Alabama, supra, we construed the applicable death penalty statute to require bifurcated proceedings for conviction and sentencing. Beck v. State, Ala., 396 S.2d 645, 662 (1981). We also recognized the well-established Alabama statutory and common law rule requiring jury instructions on lesser included offenses supported by the evidence, and we acknowledged the requirement of applying that rule in future capital cases. Beck v. State, supra, at 657.
A majority of this Court, however, also recognized that the death penalty statute applicable to Beck, because of its preclusion clause, did not allow jury instructions on lesser included offenses. Hence, any offer of evidence thereof, or any plea based thereon, would have been irrelevant and impermissible at trial under that statute. Accordingly, the cases of persons tried and convicted under Code of 1975, § 13-11-1 to -9, as construed in Beck v. State, supra, have been remanded for new trials on the merits in order to afford them the opportunity to proffer evidence of lesser included offenses. Beck v. Alabama, supra; Beck v. State, supra. That result, of course, represents adherence to, not departure from, the rule requiring the jury instruction on lesser included offenses when such a charge is warranted by the evidence. For these reasons, we do not consider the United States Supreme Court's review of Evans v. Britton, supra, as a compelling reason to delay the mandate in this case.
OPINION EXTENDED: APPLICATION FOR REHEARING OVERRULED.
TORBERT, C. J., and FAULKNER, ALMON, SHORES, and EMBRY, JJ., concur.
MADDOX and ADAMS, JJ., concur specially.
JONES, J., concurs in the result to remand.
MADDOX, Justice (concurring specially).
I concur in the judgment which denies the State's request to stay the mandate of a new trial for the defendant Reed on the ground that the Supreme Court of the United States has granted certiorari in Evans v. Britton, 628 F.2d 400 (5th Cir. 1980), op. ex. 639 F.2d 221 (5th Cir. 1981). I also concur in the judgment that Reed is entitled to a new trial under the decision of the United States Supreme Court in Beck v. Alabama, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980). I have reviewed the facts of this case as set out in the opinion of the Court of Criminal Appeals, and I am convinced that this case is unlike that of Ritter v. State, 403 So.2d 154 (Ala.1981) (Maddox, Jones and Adams, JJ., dissenting). If this case involved a situation where there was *164 no evidence of a lesser included offense, I would agree to stay the mandate until the Supreme Court of the United States decides Evans v. Britton, supra.
I file this special concurrence to make one further point concerning the majority opinion. In the opinion, the majority states:
A majority of this Court, however, also recognized that the death penalty statute applicable to Beck, because of its preclusion clause, did not allow jury instructions on lesser included offenses. Hence, any offer of evidence thereof, or any plea based thereon, would have been irrelevant and impermissible at trial under that statute. Accordingly, the cases of persons tried and convicted under Code of 1975, § 13-11-1 to -9, as construed in Beck v. State, supra, have been remanded for new trials on the merits in order to afford them the opportunity to proffer evidence of lesser included offenses. [Emphasis added.]
If the majority holds that persons tried and convicted under Code 1975, § 13-11-1 to -9, were absolutely prohibited from offering any evidence of a lesser included offense, I think the majority errs. I think that Reed, on his plea of not guilty, was not precluded from introducing evidence that he may have been guilty of some lesser included offense, thereby showing that he was not guilty of the capital offense. In fact, under the death penalty statute, with the preclusion clause in effect, a defendant, such as Reed, if he successfully proved he was guilty of a lesser included offense, could have been acquitted, because the jury had to be convinced that he was guilty of the capital offense or nothing.
ADAMS, J., concurs.

MOTION FOR CLARIFICATION OF OPINION ON REHEARING, AND MOTION FOR SUSPENSION OF RULES TO PERMIT FILING THEREOF
BEATTY, Justice.
Motion for suspension of rules to permit filing of motion for clarification of opinion on rehearing is denied.
MOTION DENIED.
TORBERT, C. J., and FAULKNER, JONES, ALMON, SHORES, EMBRY and ADAMS, JJ., concur.
MADDOX, J., concurs specially.
MADDOX, Justice (concurring specially).
The State files a motion which reads as follows:
MOTION FOR CLARIFICATION OF OPINION ON REHEARING, AND MOTION FOR SUSPENSION OF RULES TO PERMIT FILING THEREOF
The State of Alabama respectfully moves this Court to correct or clarify one sentence of its opinion on rehearing in this case, and to suspend the rules to permit consideration of this motion. In support, the State offers the following grounds:
1. This Court denied the State's application for rehearing with opinion dated August 28, 1981, with the result being a reversal of the case.
2. The State does not intend to contest the reversal of this case any further either in this Court or by a petition for certiorari in the United States Supreme Court. The State accepts the result....
3. However, there is one sentence of this Court's August 28, 1981 opinion which is unclear, and which may cause confusion and is likely to be misinterpreted unless it is corrected or clarified by this Court. The sentence in question is the one emphasized in the following quotation from page 2 of this Court's opinion:
A majority of this Court, however, also recognized that the death penalty statute applicable to Beck, because of its preclusion clause, did not allow jury instructions on lesser included offenses. Hence, any offer of evidence thereof, or any plea based thereon, would have been irrelevant and impermissible at *165 trial under that statute. Accordingly, the cases of persons tried and convicted under Code of 1975, §§ 13-11-1 to -9 as construed in Beck v. State, supra, have been remanded for new trials on the merits in order to afford them the opportunity to proffer evidence of lesser included offenses. ... Slip op. at 2 (emphasis added).
4. As explained in the brief filed in support of this motion, the sentence referred to above is incorrect, or at best unclear, and not only will be misinterpreted but already has been. It is of great importance that this Court consider correcting or clarifying that one sentence.
5. Because a second application for rehearing in these circumstances is not permitted by A.R.A.P. 40 and a motion for clarification is not expressly authorized by the rules, this Court is requested to suspend the rules pursuant to A.R.A.P. 2(b) in order to consider this motion.
6. The rules should be suspended to permit consideration of this motion, because "good cause" within the meaning of A.R.A.P. 2(b) does exist. The "good cause" is the virtue of accuracy and clarity in general and the desirability of avoiding confusion and misinterpretation in particular.
7. This motion stems not from any obstreperousness on the part of the State, but rather is filed respectfully and in good faith in order to bring to this Court's attention a problem that needs to be remedied.
WHEREFORE, for these reasons, the State requests this Honorable Court to suspend the rules and consider this motion, and having considered it to correct or clarify the one sentence of the August 28, 1981 opinion referred to in paragraph number 3 of this motion.
I concur to deny the State's motion, but believe that the reason for my concurrence in this action should be stated. First, let me say that I share some of the same concerns as does the State that a sentence in the majority opinion is ambiguous. I pointed out this ambiguity in a special concurrence when I stated that "[i]f the majority holds that persons tried and convicted under Code 1975, §§ 13-11-1 to -9 were absolutely prohibited from offering any evidence of a lesser included offense, I think the majority errs." The majority, aware of my concern, by reason of my special concurrence, was not persuaded to take any action with regard to the sentence. It must be remembered, however, that I concurred in the result that Reed was entitled to a new trial because there was evidence in his trial of a lesser included offense. The State now concedes, in the motion it files today, that Reed was entitled to a new trial. Then why is the State concerned about the sentence contained in the opinion? The State asks the same question in its brief filed in connection with the motion, and states the following as the reasons why it is concerned:

Why It Matters
The State has now conceded that the appellant in this case in entitled to a new trial because there is evidence to support a lesser offense instruction in his case.... Since the State does not contest the result in this case, why does it matter what one sentence of the rehearing opinion says? It matters a great deal for two reasons.
The first reason is that the State is locked in a battle with defendants Evans and Ritter in the United States Supreme Court, and their attorney is arguing that the sentence in question from the rehearing opinion in this case means that the United States Supreme Court should not even consider the Evans and Ritter cases. He is arguing that the sentence in question means that this Court has reversed all pre-Beck capital cases on state law grounds and therefore federal constitutional considerations are not relevant. Respondent's Brief in Opposition to Certiorari, Alabama v. Ritter, No. 81-247 (U.S., Oct. Term, 1981) (filed Sept. 10, 1981) pp. 4-5. After quoting the sentence in question to the United States Supreme Court, the attorney for Ritter has informed that court that the sentence *166 means that, "[t]he Alabama Supreme Court has decided that their interpretation of the state law surrounding a defendant's right to evidentially supported lesser included offense charges entitles all defendants tried under the 1975 law, including respondent, to a new trial as a matter of state law." Id., at 5 (emphasis added). That obviously is not what this Court meant by the sentence in question, since this Court emphasized on rehearing in the Ritter case that this Court's post-Beck reversals were based on federal constitutional grounds. Ritter v. State, No. 77-798 [403 So.2d 154] (Ala. June 12, 1981) (on rehearing), slip op. at 1-2 [at 154]. Nonetheless, the argument of Ritter's attorney that this Court on rehearing in this case undid what it said on rehearing in Ritter is a permissible one because the sentence in question from the rehearing opinion in this case is confusing, unclear, and subject to misinterpretation.
The State realizes, of course, that a majority of this Court thinks that the State should lose the federal constitutional issues in the Evans and Ritter cases when the United States Supreme Court decides them, but that is not the question here. Certainly the State has as much right to seek review of federal constitutional issues in the United States Supreme Court as any defendant does. The limited question here is not who is correct on the federal constitutional issues, but solely whether this Court should clarify or correct a sentence that is being misinterpreted. Because an unclear sentence from one of this Court's opinions is being misinterpreted and may mislead the United States Supreme Court about Alabama law, then this Court should clarify or correct (or delete) that sentence.
I believe the State is unduly concerned. The Supreme Court of the United States granted the State's petition to review Evans v. Britton, 628 F.2d 400 (5th Cir. 1980) (op. ex. 639 F.2d 221 (5th Cir. 1981). The Supreme Court of the United States, I am confident, will decide the federal constitutional questions presented in that case, on their merits, without reference to some sentence contained in this case.
It is perfectly clear that the Fifth Circuit Court of Appeals, in Evans v. Britton, and this Court in Ritter v. State, 403 So.2d 154 (1981), determined that the Supreme Court's decision in Beck v. Alabama, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980), mandated new trials in every capital case, whether there was any evidence of a lesser included offense presented at the trial or not. In fact, in Ritter, the majority of this Court opined:
We believe this result [granting a new trial] is compelled by the decision of the Supreme Court of the United States in Beck and is consistent with the interpretation of that decision reached by the Court of Appeals for the Fifth Circuit in Evans v. Britton, 639 F.2d 221 [1981] (1981), which involved Ritter's partner in this crime.
Justices JONES and ADAMS and I dissented in Ritter. We did not construe Beck v. Alabama as requiring a new trial in any case where there was no evidence of a lesser included offense. Whether the Fifth Circuit Court of Appeals is right on the federal constitutional issue presented in Evans v. Britton will be determined by the United States Supreme Court. Because a majority of this Court, in Ritter, followed the same rationale as did the Fifth Circuit Court of Appeals in Evans v. Britton, the resolution of the federal constitutional question will be made by the Supreme Court of the United States in Evans v. Britton. I assume that the United States Supreme Court, in due time will decide whether Justices Jones and Adams and I are right in our reading of Beck v. Alabama, or whether the Fifth Circuit Court of Appeals and the majority of this Court are right. In any event, I do not believe that the Supreme Court of the United States will be distracted from its mission to decide this critical federal constitutional question because of one sentence contained in this case.
*167 In conclusion, I do not believe that the State has shown sufficient "good cause" for this Court to suspend the rules to address the question sought to be addressed by the State. Consequently, I concur that the motion is due to be denied.