[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11679
Non-Argument Calendar
_____

D.C. Docket No. 5:12-cr-00005-RS-EMT-11

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TROY ANTHONY COLEMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(June 28, 2016)

Before JORDAN, JULIE CARNES, and EDMONDSON, Circuit Judges.

PER CURIAM:

Troy Anthony Coleman appeals his convictions and total 210-month sentence.[1]  Coleman pleaded guilty -- pursuant to a written plea agreement -- to conspiracy to possess with intent to distribute cocaine, possession with intent to distribute cocaine and crack cocaine, possession of a firearm in furtherance of a drug-trafficking crime,[2] and being a felon in possession of a firearm.  No reversible error has been shown; we affirm.

On appeal, Coleman first argues that the prosecution committed prosecutorial misconduct by allowing a federal agent to give perjured testimony during the grand jury proceedings.  Coleman also contends that the district court erred by denying his motion to suppress certain evidence.  The government responds that Coleman waived each of these arguments when he pleaded guilty.

A defendant waives all non-jurisdictional challenges to his conviction when he enters a knowing and voluntary unconditional guilty plea.  United States v. Pierre, 120 F.3d 1153, 1155 (11th Cir. 1997).  "A defendant who wishes to preserve appellate review of a non-jurisdictional defect while at the same time

---

[1] In a related appeal currently pending before this Court (Case No. 15-11679), Coleman challenges the district court's resentencing order, pursuant to 18 U.S.C. § 3582(c)(2).

[2] In his appellate brief, Coleman mentions in passing that the grand jury never found that he used a gun in furtherance of a drug-trafficking offense.  Because Coleman presents no supporting argument or authority on this issue, his claim is abandoned.  See Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 681-82 (11th Cir. 2014).

2

pleading guilty can do so only by entering a 'conditional plea' in accordance with Fed.R.Crim.P. 11(a)(2)." Id.

First, we reject Coleman's contention that he entered a conditional plea. Although Coleman's plea agreement provides that "[t]he parties reserve the right to appeal any sentence imposed," nothing in the plea agreement preserved Coleman's right to challenge -- no matter the ground -- his underlying convictions. See Fed. R. Crim. P. 11(a)(2) (a conditional plea must specify the adverse ruling preserved for appeal). And Coleman has failed to demonstrate that either the government or the district court consented to a conditional guilty plea. See id.; United States v. Betancourth, 554 F.3d 1329, 1332 (11th Cir. 2009) (defendant's guilty plea deemed unconditional in part because the government had not consented to a conditional plea).

The record also evidences that Coleman's guilty plea was knowingly and voluntarily entered.[3] At the plea colloquy, the district court confirmed that Coleman's plea was not coerced and that Coleman understood both the charges against him and the consequences of his plea. In pertinent part, Coleman said that he understood that, by entering a guilty plea, he would "give up any defense that [he] might have to the charges against [him]." On this record, the district court

---

[3] Because Coleman raised no challenge the voluntariness of his plea in the district court, we review this issue only for plain error. See United States v. Moriarty, 429 F.3d 1012, 1018-19 (11th Cir. 2005). Under plain error review, a defendant must demonstrate that (1) the district court erred, (2) the error was plain, and (3) the error affected his substantial rights. Id. at 1019.

committed no plain error in accepting Coleman's plea as knowing and voluntary. See United States v. Frye, 402 F.3d 1123, 1127 (11th Cir. 2005).  Moreover, nothing in Rule 11 required the district court to inform Coleman expressly that, by entering an unconditional guilty plea, he waived his right to appeal all non-jurisdictional defects.  See Fed. R. Crim. P. 11(b)(1).

By entering a knowing and voluntary unconditional guilty plea, Coleman waived his right to challenge the district court's denial of his motion to suppress evidence.  See United States v. McCoy, 477 F.2d 550, 551 (5th Cir. 1973). Coleman also waived his right to raise on appeal his argument about prosecutorial misconduct during the grand jury proceedings.  See Tollett v. Henderson, 93 S. Ct. 1602, 1607-08 (1973) (a defendant who enters a knowing and voluntary guilty plea is unentitled to federal collateral relief based on allegations that the grand jury was unconstitutionally selected); United States v. Boniface, 631 F.2d 1228, 1229 (5th Cir. 1980) (defendant's guilty plea barred non-jurisdictional claim that the indictment was "clandestinely constructed by the United States Attorney after the grand jury voted on it" and "signed by the Foreman separate and apart from the grand jury"); see also United States v. Cain, 134 F.3d 1345, 1352 (8th Cir. 1998) (persuasive authority) (defendant waived claims of prosecutorial misconduct by pleading guilty).

We also decline to consider Coleman's claims of ineffective assistance of trial counsel (many of which are raised for the first time on direct appeal), because the record is not yet sufficiently developed on these issues. See United States v. Bender, 290 F.3d 1279, 1284 (11th Cir. 2002) (in general, we will not "consider claims of ineffective assistance of counsel raised on direct appeal where the district court did not entertain the claim or develop a factual record."). Instead, Coleman's ineffective-assistance-of-counsel claims are more properly raised in a motion filed pursuant to 28 U.S.C. § 2255.[4] See United States v. Patterson, 595 F.3d 1324, 1328-29 (11th Cir. 2010) (a section 2255 motion is the preferred method for raising claims of ineffective assistance of counsel).[5]

AFFIRMED.

---

[4] We note that Coleman has already filed an initial section 2255 motion. Because the district court considered and granted Coleman's section 2255 motion on only a single issue (whether Coleman's trial counsel rendered ineffective assistance by filing to file a notice of appeal), and dismissed without prejudice Coleman's other ineffective-assistance-of-counsel claims, Coleman seems not to be barred from filing another section 2255 motion. See McIver v. United States, 307 F.3d 1327, 1332 (11th Cir. 2002) ("an order granting a § 2255 petition, and reimposing sentence, resets to zero the counter of collateral attacks pursued.").

[5] The Government's Unopposed Motion to Supplement Record on Appeal is Denied.