403 So.2d 154 (1981)
In the Matter of Wayne Eugene RITTER
v.
STATE of Alabama.
77-798.
Supreme Court of Alabama.
June 12, 1981.
Stay Denied September 23, 1981.
Judgment Vacated October 13, 1981.
John L. Carroll, Montgomery, for petitioner.
Charles A. Graddick, Atty. Gen., and Ed Carnes, Asst. Atty. Gen., for respondent.
Stay Denied September 23, 1981. See 102 S.Ct. 25.
Judgment Vacated October 13, 1981. See 102 S.Ct. 376.

On Application for Rehearing
SHORES, Justice.
The application for rehearing is denied. The opinion of the Court dated May 8, 1981 is extended so that the opinion shall read as follows:
Reversed and remanded to the Court of Criminal Appeals with directions to that Court to grant a new trial under the authority of Beck v. Alabama, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980), and Beck v. State, 396 So.2d 645 (Ala.1980).
We believe this result is compelled by the decision of the Supreme Court of the United States in Beck and is consistent with the interpretation of that decision reached by the Court of Appeals for the Fifth Circuit in Evans v. Britton, 639 F.2d 221 [1981] (1981), which involved Ritter's partner in this crime.
REVERSED AND REMANDED; APPLICATION FOR REHEARING DENIED; OPINION EXTENDED.
FAULKNER, ALMON, EMBRY and BEATTY, JJ., concur in decision and in denial of rehearing.
TORBERT, C. J., concurs specially in decision, with opinion, and concurs in denial of rehearing.
JONES, J., with whom MADDOX and ADAMS, JJ., concur, concurs in part and dissents in part in decision, with opinion.
MADDOX, J., with whom JONES and ADAMS, JJ., concur, concurs specially in denial of rehearing, with opinion.
*155 TORBERT, Chief Justice (concurring specially).
Although I agree with the result reached by the majority, I do not wish to be understood as being in favor of abolishing or otherwise modifying the traditional rule that a jury instruction on a lesser included offense is appropriate if, and only if, there is evidence of a lesser included offense. See, Roberts v. Louisiana, 428 U.S. 325, 96 S.Ct. 3001, 49 L.Ed.2d 974 (1976).
JONES, Justice (concurring in part and dissenting in part in decision):
The majority of the Court, by directing that the Court of Criminal Appeals reverse the judgment of conviction and sentence and remand the case for a new trial, has mandated that all pre-Beck death penalty convictions and sentences be set aside and new trials ordered. As to the judgment of conviction in the instant case, I respectfully dissent.
This death penalty case was remanded by the United States Supreme Court for this Court's reconsideration in light of Beck v. Alabama, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980).
Beck declared unconstitutional the application of the provision of the Alabama Death Penalty Act which precludes the trial court from instructing the jury on lessor included offenses, where, as was the case in Beck, the evidence is susceptible of a finding of such an offense. Here, as in Beck, the jury was instructed, pursuant to Alabama Code 1975, § 13-11-2(a), to return either a verdict of guilty with a sentence of death or a verdict of not guilty, precluding the option of finding the defendant guilty of a noncapital offense.
Unlike Beck, Ritter's evidence of record fails to support any finding other than a verdict adjudging the defendant guilty of the capital offense as charged. Unquestionably, had the death penalty statute not included the "preclusion of lesser included offenses" clause (thus conforming the statute to Beck on remand [1980] 396 So.2d 645 (Ala.1980), Ritter would not have been entitled to a jury instruction on lesser included offenses.
As Ritter's counsel suggests, however, this does not end our inquiry; it merely establishes one of the premises upon which the ultimate dispositive issue must be answered. Another essential premise is the further objective fact that the death penalty statute, under which Ritter was tried, convicted, and sentenced to die, did include the "preclusion" clause, the operative effect of which may have unduly restricted Ritter's defense with respect to proof of facts and circumstances sufficient to invoke lesser included offenses instructions.
Stated another way, whether the instant record would have entitled Ritter to a lesser included offenses instruction (thus offering the jury a third optional finding) is not the issue; rather, the issue is whether Ritter was unconstitutionally denied the benefit of a trial under a valid death penalty statute permitting evidence which would warrant a jury verdict of guilty of a lesser included offense under appropriate instructions.
The State summarizes its argument as follows:
"There was absolutely no evidentiary basis at Ritter's trial for any lesser included offense instruction. There was no evidentiary dispute about any element of the capital offense, because Ritter confessed to and admitted every element of the capital offense, and he did so both before and during the trial. In addition, Ritter pleaded guilty and his valid guilty plea was accepted by the trial court and entered in the official judgment entry and minutes of the court. The trial court did submit the case to a jury since only a jury can sentence a capital defendant to death, but Ritter's voluntary guilty plea still conclusively establishes his guilt and removes any factual issue from the case."
Ritter's "fundamental fairness" argument is premised on the proposition that the "preclusion" clause operated to bar or to discourage alternative trial strategy, including the offering of evidence which would support a noncapital offense verdict. He argues:

*156 "... The very existence of the provision precluding jury consideration of lesser included offenses would almost invariably affect a capital defendant's strategy, the presentation of evidence and even, as in this case whether actively to contest the charges against him. It is clearly constitutionally impermissible for the state to tell a capital defendant that he may not present evidence of lesser included offenses at trial, and then seek to prevent the defendant from complaining of this unconstitutional prohibition on the grounds that he failed to present such evidence."
Although I disagree with the majority's reversal of Ritter's conviction, I reject the State's contention as an overly simplistic approach. Surely, the presence of the factual issue of lesser included offenses in Beck does not limit the application of its holding to only those cases in which the evidence of record supports such a finding. We do not read Beck as suggesting that a pre-Beck capital defendant was required to so posture his trial strategy as to affirmatively invoke the application of the lesser included offense doctrine, or failing to do so, forfeit the protective cloak of Beck.
While the State, in my opinion, has interpreted Beck far too narrowly, I believe, as to the judgment of conviction, Ritter's counsel has given it an overly broad interpretation.[1] Although his argument is persuasive and, undoubtedly, one that ordinarily will prevail, I do not read Beck nor the Supreme Court's remand of the instant case, as mandating reversal in every case in which the defendant has been convicted and sentenced to death under Alabama's death penalty statute.
I would hold that the test for answering the issue here presented for our consideration is whether the evidence of record is susceptible of any reasonable hypothesis giving rise to the application of the lesser included offenses doctrine. Because such hypotheses may arise from either the presence or the lack of evidence adduced at trial, this test cannot be met unless the record of trial affirmatively precludes every reasonable hypothesis other than that of the defendant's guilt of the capital offense as charged. Any reasonable doubt must be resolved in favor of granting the defendant a new trial.
Therefore, on review of this case, and other pre-Beck capital convictions henceforth, I would apply the following objective standard: The conviction is affirmable if, and only if, a composite of the testimony, after indulging every reasonable doubt in favor of the defendant, affirmatively reveals a clear, unequivocal and undisputed chain of events comprising all of the elements of the capital offense to the total exclusion of any reasonable fact or circumstance supportive of a lesser included offense. The inference of such a hypothesis necessarily arises unless the proof of record establishes defendant's guilt of the capital offense fully and undisputably, affirmatively precluding every reasonable inference to the contrary.
Applying this standard of review to the instant case, I am unable to perceive from the proof of record before us any possible hypothesis other than that of the defendant's guilt of the capital offense as charged in the indictment.
Aided by the Court of Criminal Appeals' summary of the evidence in Evans and Ritter v. State, 361 So.2d 654, 656-661 (Ala.Cr. App.1977), and Ritter v. State, 375 So.2d 266, 267 (Ala.Cr.App.1978), and by this Court's opinion, after return of the case from remand (Ritter v. State, 375 So.2d 270, 273 (Ala.1979)), I have again made an independent review of the entire record in a painstaking search for the slightest hint that Ritter was restricted, or otherwise influenced, in the conduct of his defense by the omnipresence of the statutory edict that the jury either sentence him to die or set him free. I find none.
*157 Indeed, to the minutest detail, the State's proof of each and every element of the capital offense is verified and amplified by Ritter's own testimony. In addition to pleading guilty of the capital crime as charged, he took the witness standagainst advice of counsel and following the trial court's thorough admonition as to his constitutional rightsand recounted in great detail his and his companion's trail of crime leading up to and including the murder of the pawnshop proprietor during a planned armed robbery of the victim, agreeing in advance to kill the robbery victim if necessary.
The posture of this record affirmatively precludes any reasonable hypotheses other than that of Defendant's guilt of the capital crime as charged in the indictment. Where, as here, the voluntary testimony of a mentally competent defendant affirmatively eliminates any possible inference which would support a finding of guilty of a noncapital lesser included offense, we are constrained to hold that the unconstitutional provision excised by Beck visited no impermissible restraint upon the Defendant in the conduct of his defense, including his right to actively contest the charges against him.
To hold otherwise would be tantamount to allowing the Defendant, by way of a new trial, to raise factual issues wholly contrary and in direct contradiction to those established by his own sworn testimony in the original trial. His option to so testify in the original trial cannot be said to have been impermissibly encouraged by the constitutionally invalid "preclusion" clause.[2]
While I would affirm the judgment of conviction, I, nonetheless, would reverse the judgment of sentence and remand to the Court of Criminal Appeals with instructions to remand this cause to the circuit court for a new trial on the issue of sentence in accordance with this Court's opinion in Beck after remand.
My differentiation between the conviction and the sentence is based primarily on the lack of a bifurcation of the pre-Beck jury proceedings with respect to the finding of guilty and the fixing of the sentence. While it can be said that the United States Supreme Court's Beck mandate does not conclusively require a reversal of Ritter's conviction, I think its mandate is equally clear that the sentencing procedure, which is influenced by factors other than absence or presence of lesser included offenses criteria, is impermissibly tainted, requiring a sentence hearing pursuant to the restructured proceedings established by Beck after remand.[3]
MADDOX and ADAMS, JJ., concur.
MADDOX, Justice (concurring specially in denial of rehearing).
I concur in this Court's action, on application for rehearing, to extend its prior opinion to indicate that its reversal of Ritter's conviction was grounded on this Court's interpretation of what the Supreme Court of the United States mandated in Beck v. Alabama, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980). This Court considered Ritter's case, in light of Beck only because the case was remanded here at the request of the Attorney General. In brief, the Attorney General sets out the facts:
On June 20, 1980, the United States Supreme Court issued its decision in Beck v. Alabama, [477 U.S. 625] 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980). On June 23, 1980, the State filed a letter in the United States Supreme Court arguing that Ritter's case was distinguishable from Beck, because there was no evidentiary basis for a lesser included offense in Ritter's case. In view of that difference, the letter requested that the Court remand Ritter's case to the Alabama Supreme Court for reconsideration in light of Beck, rather than reversing it on authority of Beck.

*158 In view of the above, it is obvious that this Court, which had affirmed Ritter's conviction [Ritter v. State, 375 So.2d 270 (1979)], now holds Ritter is entitled to a new trial because the United States Supreme Court has mandated it in Beck. Obviously, I do not believe that Ritter is in the same situation as Beck was; therefore, I joined with Mr. Justice Jones in his dissenting views which he expressed on original delivery.
I still adhere to my original view that under the facts of this case, Ritter is not entitled to a new trial to determine his guilt or innocence of the capital offense. He is only entitled to a sentencing hearing before a jury. That there was absolutely no evidence of Ritter's guilt of a lesser included offense is plain, and had an instruction on lesser included offenses been given in this case, the principle announced in Roberts v. Louisiana, 428 U.S. 325, 96 S.Ct. 3001, 49 L.Ed.2d 974 (1976), would be applicable. There, the Supreme Court of the United States held that the Louisiana death penalty scheme which required juries in all first degree murder cases to also be instructed on manslaughter and second degree murder even if there was not a scintilla of evidence to support such a verdict was unconstitutional.
I think a majority of this Court has misread Beck to require a new trial in a case like Ritter's where the record of trial affirmatively precludes any possibility that the defendant could have adduced any evidentiary support for a lesser included offense. My difference with the majority in this point aside, however, I agree with the majority's basis for its extension of the opinion on rehearing.
I would also add one additional point on which there is no disagreement among the members of the Court: The order of remand by the Court of Criminal Appeals, as mandated by this Court, is not to be understood as requiring the trial court to instruct the jury on lesser included offenses unless such an offense is supported by the evidence upon retrial of this cause.
JONES and ADAMS, JJ., concur.
NOTES
[1] As shown later in this opinion, I accept defense counsel's contention as to the judgment of sentence.
[2] See Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).
[3] See Brady v. Maryland, 373 U.S. 83, 84, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970).