The respondent in this case (Cook) stands convicted of robbery during the course of which the victim is intentionally killed, a capital offense under Code 1975, § 13-11-2 (a)(2). He received a sentence of life imprisonment without parole.
We granted certiorari to consider whether the principles enunciated in Beck v. Alabama, 447 U.S. 625, 100 S.Ct. 2382,65 L.Ed.2d 392 (1980), were applicable to the facts in this case. While this case was pending before us, the United States Supreme Court issued its opinion in Hopper v. Evans,456 U.S. 605, 102 S.Ct. 2049, 72 L.Ed.2d 367 (1982). As that opinion shed light on the proper interpretation of Beck, supra, we granted the parties in this case an opportunity to submit supplemental briefs discussing the application of the Evans
opinion.
A single issue is dispositive of this case, namely:
 Is Cook entitled to a new trial because of the preclusion clause in § 13-11-2 (a)(2) at the time of his conviction for the capital offense?
We find that he is not, and reverse the decision of the Court of Criminal Appeals. *Page 1323 
The facts of the case, as set out in the State's A.R.A.P., Rule 39 (k) motion, are as follows:
On August 27, 1976, Louis Webb (Webb) went to work carrying more than $3,000.00 in cash in a bank bag. It was payday, and Webb had established the practice of cashing the checks of his fellow employees from his own funds. Cook was waiting outside Webb's place of work. When Webb arrived, Cook robbed and shot him, causing his death. Cook was positively identified by two eyewitnesses. The automobile in which Cook fled was registered in the name of his sister, who testified that the car had been in Cook's possession at the time of the crime.
Cook's only defense was alibi, and the only witness who testified for the defense was Cook himself.[1] He claimed that he had been with his girlfriend at the time of the crime, but did not know where she was at the time of the trial. He also testified that another person had seen him and his girlfriend at a service station when the crime was occurring elsewhere, but that he did not know where that person was. There was no defense evidence offered which would have supported a lesser included offense.
At Cook's first trial, he was found guilty and sentenced to death. This conviction was reversed in Cook v. State,369 So.2d 1243 (Ala.Cr.App. 1977), rev'd for new sentence hearing,369 So.2d 1251 (Ala. 1978), rev'd as to conviction, 369 So.2d 1260
(Ala.Cr.App. 1979) (on remand).
On retrial, Cook was again found guilty, but received a sentence of life imprisonment without parole. This conviction was affirmed in Cook v. State, 384 So.2d 1158 (Ala.Cr.App.),cert. denied, 384 So.2d 1161 (Ala. 1980). In February, 1981, Cook filed a petition for a writ of error coram nobis, claiming that his conviction and sentence were due to be set aside because of Beck v. Alabama, 447 U.S. 625, 100 S.Ct. 2382,65 L.Ed.2d 392 (1980). Cook expressly declined to offer any testimony in support of the petition, and it was agreed that the petition was due to be submitted on the record of the retrial, along with a stipulation setting forth what had happened in the direct appeal of the retrial conviction. The circuit court denied the petition, and Cook appealed. On June 23, 1981, the Court of Criminal Appeals reversed, relying substantially on this court's intervening decision in Ritter v.State, 403 So.2d 154 (Ala. 1981) (on rehearing). The State filed an application for rehearing accompanied by an A.R.A.P. Rule 39 (k) motion. When the application for rehearing was denied, the State petitioned this court for certiorari.
In Ritter v. State, a majority of this court held:
 Reversed and remanded to the Court of Criminal Appeals with directions to that Court to grant a new trial under the authority of Beck v. Alabama, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980), and Beck v. State, 396 So.2d 645 (Ala. 1980).
 We believe this result is compelled by the decision of the Supreme Court of the United States in Beck and is consistent with the interpretation of that decision reached by the Court of Appeals for the Fifth Circuit in Evans v. Britton, 639 F.2d 221
(1981), which involved Ritter's partner in this crime.
Ritter v. State, 403 So.2d 154 (Ala. 1981). Both this court and the Court of Appeals for the Fifth Circuit interpreted Beck v.Alabama, supra, to require that result. The Court of Appeals for the Fifth Circuit, in Evans v. Britton, cited in Ritter,supra, said:
 In analyzing the Alabama [capital felony] statute in question, the [United States Supreme] Court stated as follows:
 But in every case they [the defects in the statute] introduce a level of uncertainty and unreliability into the fact-finding process that cannot be tolerated in a capital case. *Page 1324 Beck v. Alabama, 447 U.S. 625, 643, 100 S.Ct. 2382, 2392, 65 L.Ed.2d 392 (1980). "Every case" means even cases in which the defendant tried to plead guilty. The Court has established that there are "constitutional error[s] of the first magnitude and no amount of showing of want of prejudice would cure [them]." Davis v. Alaska, 415 U.S. 308, 318, 94 S.Ct. 1105, 1111, 39 L.Ed.2d 347 (1974). Unless the Supreme Court changes its language in Beck, we must conclude that the defects in the Alabama death statute fall into this category.
Evans v. Britton, 639 F.2d at 223 and 224.
However, in reviewing the Evans case on certiorari, the United States Supreme Court found that the Circuit Court had misread the Beck opinion, saying:
 [The Circuit Court] concluded that we meant that the Alabama preclusion clause was a "brooding omnipresence" which might "infect virtually every aspect of any capital defendant's trial from beginning to end." 628 F.2d, at 401. It is important to note that our holding in Beck was limited to the question submitted on certiorari, and we expressly pointed out that we granted the writ in that case to decide whether a jury must be permitted to convict a defendant of a lesser included offense "when the evidence would have supported such a verdict. . . ." 447 U.S., at 627, 100 S.Ct., at 2384. Thus, our holding was that the jury must be permitted to consider a verdict of guilt of a non-capital offense "in every case" in which "the evidence would have supported such a verdict."
Hopper v. Evans, 102 S.Ct. at 2052.
The Court stated further:
 Under Alabama law, the rule in non-capital cases is that a lesser included offense instruction should be given if "there is any reasonable theory from the evidence which would support the position." Fulghum v. State, 291 Ala. 71, 75, 277 So.2d 886, 890 (1973). . . . The Alabama rule clearly does not offend federal constitutional standards, and no reason has been advanced why it should not apply in capital cases.
Hopper v. Evans, 102 S.Ct. at 2053.
The Court went on to hold that the mere existence of the preclusion clause had not so "infected" Evans's trial that he must be retried so that he might have the opportunity to introduce evidence of some lesser included offense:
 Respondent suggests no plausible claim which he might conceivably have made, had there been no preclusion clause, that is not contradicted by his own testimony at trial. The preclusion clause did not prejudice respondent in any way, and a new trial is not warranted.
Hopper v. Evans, 102 S.Ct. at 2054 (footnote omitted).
This court has recently reconsidered the Ritter case in light of Hopper v. Evans, and has affirmed Ritter's conviction.Ritter v. State, 429 So.2d 928 (Ala. 1983).
Although the facts of the case before us are not identical with those of Evans or Ritter, as Cook's defense was alibi, while Evans and Ritter confessed their guilt of the crime with which they were charged, the test of the effect of the preclusion clause on the trial is still the same: (1) Was there any evidence presented at trial upon which a conviction of a lesser included offense could have been based? (2) If not, has the defendant suggested any plausible claim which he might conceivably have made, had there been no preclusion clause, that is not contradicted by his own testimony at trial? If the answer to both of these questions is no, then a conviction at trial is due to be affirmed.
In the case before us, Cook presented an alibi defense. During the trial, Cook testified that he was not present at the scene of the crime, but was in another part of the city in the presence of others while the crime was taking place. The state presented eye-witness testimony that Cook was the robber-killer of Webb. Additionally, automobile registration records connected Cook with the car in which the perpetrator of the crime left the scene. Clearly, if the jury *Page 1325 
believed Cook, he must be found not guilty; if they believed the State's evidence, Cook must be found guilty of the crime charged. We find nothing in Cook's defense which could possibly, in the absence of the preclusion clause, allow a jury to find Cook guilty of a lesser included offense. Thus, the answer to the first question of the Evans test is "no."
But Cook argues, in brief, that the second part of the test — whether he has suggested any plausible claim which he might have made had there been no preclusion clause, that is not contradicted by his own testimony at trial — should not apply:
 At no stage in the lengthy proceedings associated with this case has Recardo Cook been required under the laws of Alabama or the United States to introduce evidence of lesser included offenses. At all times he has been charged under an "either or" statute — the jury could either find him guilty or not guilty of robbery where the victim is intentionally killed, and no lesser charge. It would be ludicrous to assume that the approach to a capital murder case such as this would not be different if it had not been for the preclusion clause. . . . Who is to say that the outcome would not have been different if the preclusion clause had not been in effect.
Reply Brief to Supplemental Brief of the State, pp. 6, 7.
This brings us back to the interpretation of Beck by the Court of Appeals for the Fifth Circuit, which the Supreme Court said "concluded that we meant that the Alabama preclusion clause was a `brooding omnipresence' which might `infect virtually every aspect of any capital defendant's trial from beginning to end.'" Evans v. Hopper, 102 S.Ct. at 2052. It is this very misunderstanding of Beck which the Court, in Evans v.Hopper, is attempting to dispel.
Cook further argues that the alibi defense at his trial should not preclude the entrance, at some future trial, of evidence of a lesser included offense. In his brief, he states:
 It is the contention of the appellant that the alibi defense is merely an extension of a not guilty plea, and therefore it follows that an alibi defense would not work as a contradiction to a claim that there could have been a conviction under a lesser included offense. Indeed, a plea of not guilty does not preclude the entrance of evidence of lesser included offenses. Therefore an alibi defense, which is merely a plea of not guilty, should not be taken as contradictory to the fact that a plausible claim could have been brought forth, if it had been required under the law in effect at that time, which was not the case.
Reply Brief to Supplemental Brief of the State, p. 7.
We do not accept this argument. A plea of not guilty merely says that the defendant claims he is not guilty of the crime charged. It does not preclude the jury from considering evidence which tends to show that the defendant may be guilty of some other, lesser included crime. But when a defendant takes the witness stand and testifies that, because he was in a distant location when the crime took place, he could not possibly have committed it, he has directly contradicted any evidence which he might later produce to show that he was guilty of a lesser included offense.
Thus, we find that Cook has failed to meet the test set out in Hopper v. Evans, to render him entitled to a new trial, there being no evidence that he was prejudiced by the existence of the preclusion clause. Based on this finding, we reverse the decision of the Court of Criminal Appeals, and remand so that the judgment of the trial court may be reinstated.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.
[1] The facts referring to Cook's trial are from the second trial, following reversal of his first conviction in 1979. *Page 1326