This is a death penalty case. Certiorari was granted to determine whether the Court of Criminal Appeals erred in upholding a capital murder conviction and sentence of death based upon the court's denomination of an incorrect statement within the oral charge as harmless error.
Arthur James Julius was indicted under Alabama's 1975 death penalty statute, Code 1975, §§ 13-11-1 through-9,[1] for the January 29, 1978, capital murder of his cousin, Susie Bell Sanders, who was strangled to death after being raped and subjected to acts of grotesque sexual abuse.
The indictment alleged the following aggravated offenses,[2]
which by statute warrant imposition of the death penalty should the jury find Julius guilty:
 1) "[a]ny murder committed while the defendant is under sentence of life imprisonment;" Code 1975, § 13-11-2 (a)(6); and
 2) "[a]ny murder committed by a defendant who has been convicted of murder in the first or second degree in the 20 years preceding the crime. . . ." Code 1975, § 13-11-2 (a)(13).
Julius was tried, convicted, and sentenced to death under this statute, and the Court of Criminal Appeals affirmed the judgment of conviction. Julius v. State, 407 So.2d 141
(Ala.Crim.App. 1980). The facts surrounding Julius's conviction are set forth in detail in that opinion and need not be restated here.
Pursuant to the holdings in Beck v. Alabama, 447 U.S. 625,100 S.Ct. 2382, 65 L.Ed.2d 392 (1980), and Beck v. State,396 So.2d 645 (Ala. 1980), this case was remanded to the circuit court for a new trial. Julius v. State, 407 So.2d 152 (Ala. 1981). At a bifurcated retrial, Julius was again convicted of the capital offense and again sentenced to death.[3]
The Court of Criminal Appeals affirmed the judgment of conviction and the sentence and overruled Julius's motion for rehearing. Julius v. State, 455 So.2d 975 (Ala.Crim.App. 1983).
On petition for certiorari, Julius argues that the Court of Criminal Appeals erred in affirming his conviction and sentence of death, based upon the following grounds: 1) that the Court of Criminal Appeals erred in its determination that the error in charging the jury was harmless; 2) that the overlap of aggravating circumstances considered in sentencing with the elements of "aggravation" charged in the indictment is unconstitutional; and 3) that the sentence of death was inappropriate because the offense was not "especially heinous, atrocious or cruel," Code 1975, § 13-11-6 (8).
After the trial court had delivered a lengthy charge to the jury and the jury had *Page 986 
begun to deliberate, the jury asked the trial court to redefine the elements of the crimes with which Julius was charged. The trial court repeated its lengthy charge on these definitions and in conclusion stated:
 "It's only if you don't find any aggravating circumstances that you then have to determine whether it's murder in the first degree, murder in the second degree, manslaughter, or again, not guilty."
When this isolated statement is placed in the context of the overall charge, it is clear that the term "aggravating circumstances" refers to the Code 1975, § 13-11-2 (a)(6) and (13) "aggravation" charged in the indictment, and that the term "manslaughter" refers solely to first degree manslaughter.
Neither side disputes the fact that this isolated statement was correct with regard to the lesser included offenses of first and second degree murder. Code 1975, § 13-11-2 (a), imposes capital punishment for any murder, regardless of degree, if the murder was committed with proof of its attendant "aggravation." Because both elements of "aggravation" charged in the indictment were proven without contradiction, Julius must be found guilty of a capital offense should the jury find that the homicide constituted a "murder" as defined in Code 1975, § 13-1-70.
Julius argues, however, that because the jury could have conceivably either convicted him of manslaughter in the first degree or acquitted him despite proof of these elements of "aggravation," the charge was clearly erroneous and should not have been upheld on appeal.
Although the State concedes that this isolated portion of the jury charge is technically incorrect in regard to the lesser included offense of first degree manslaughter and acquittal, the State contends that the Court of Criminal Appeals was correct in denominating this error "harmless," because 1) there was absolutely no evidentiary basis for a first degree manslaughter charge; and 2) this isolated sentence was corrected in other portions of the charge. We agree.
In Beck v. Alabama, 447 U.S. 625, 100 S.Ct. 2382,65 L.Ed.2d 392 (1980), the United States Supreme Court held that the sentence of death could not be imposed after a jury verdict of guilt of a capital offense when the jury was precluded from considering a verdict of guilt of a lesser included noncapital offense, provided that the evidence would have supported such a verdict. Subsequently, in Hopper v. Evans, 456 U.S. 605,102 S.Ct. 2049, 72 L.Ed.2d 367 (1981), the Supreme Court clarified its decision in Beck, supra, to require that only when the evidence warrants such an instruction must a lesser included offense instruction be given. In so holding, the Court upheld the constitutionality of the following Alabama standard as applied in capital cases: "a lesser included offense instruction should be given if `there is any reasonable theory from the evidence which would support the position.'" Hopper,456 U.S. at 611, 102 S.Ct. at 2053 (quoting Fulghum v. State,291 Ala. 71, 75, 277 So.2d 886, 890 (1973)).
Applying this doctrine, we find no possible evidence which would support a charge on the lesser included offense of first degree manslaughter.
Julius's sole defense was alibi. During the trial, Julius's testimony from a prior hearing was read into the record. At this hearing, Julius testified that he was not present at the scene of the crime but that he was in another part of the city in the presence of the victim's mother, Fannie Sanders, while the crime was occurring. Mrs. Sanders, however, directly contradicted this testimony during the trial.
In Cook v. State, 431 So.2d 1322 (Ala. 1983), this Court held that
 "when a defendant takes the witness stand and testifies that, because he was in a distant location when the crime took place, he could not possibly have committed it, he has directly contradicted any evidence which he might later produce to *Page 987 
show that he was guilty of a lesser included offense."
431 So.2d at 1325.
Julius's reliance solely upon the defense of alibi resulted in his failure to produce any evidence warranting a charge on the lesser included offense of manslaughter in the first degree. Any possible error in charging on the doctrine or elements of first degree manslaughter is harmless where the evidence shows without conflict that Julius could not rely upon that lesser included offense. See Raines v. State,455 So.2d 967 (Ala.Crim.App. 1984).
Although the jury charge that an acquittal requires the complete absence of the § 13-11-2 (a)(6) and (13) elements of "aggravation" is also technically incorrect, Julius's assertion of reversible error nevertheless contravenes the rule that "a single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge." Cupp v. Naughten, 414 U.S. 141, 146-47, 94 S.Ct. 396,400, 38 L.Ed.2d 368 (1973). See also Harris v. State,412 So.2d 1278 (Ala.Crim.App. 1982). Because this objectionable portion of the charge was corrected in other portions of the charge where the court repeatedly instructed the jury on the State's burden of proof, the presumption of innocence, and the admonition, "always concern yourself with not guilty in this whole thing . . .," the technical error was clearly harmless.
Although the remaining issues were properly decided below, we note that the decision of this Court in Ex parte Kyzer,399 So.2d 330 (Ala. 1981), controls the disposition of both issues.
In Kyzer, supra, we held that the trial judge may consider the "aggravation" charged in the indictment under § 13-11-2 as "aggravating circumstances" to be weighed against mitigating circumstances during the sentencing phase.
We also held in Kyzer, supra, that the aggravating circumstance listed in § 13-11-6 (8) — "the capital felony was especially heinous, atrocious or cruel" — applies only to those "conscienceless or pitiless homicides which are unnecessarily torturous to the victim." 399 So.2d at 334. Because the torturous death of Susie Bell Sanders clearly qualifies as such a homicide, the trial court properly included this aggravating circumstance in justification of the sentence of death.
Having searched the record for any plain error or defect in the proceeding below, Rule 39 (k), A.R.A.P., and having found none, we affirm the judgment of conviction and the sentence.
The judgment of the Court of Criminal Appeals is affirmed.
AFFIRMED.
All the Justices concur, except TORBERT, C.J., who recuses.
[1] The 1975 capital punishment statute, as contained in §§ 13-11-1 through 13-11-9, was, upon adoption of the new criminal code, effective January 1, 1980, recodified in identical language as §§ 13A-5-30 through 13A-5-38. These sections of the new criminal code were repealed effective July 1, 1981, by the 1981 capital offense statute, which applies only to conduct occurring on or after July 1, 1981; the repeal of §§ 13A-5-30
through -38 did not affect the applicability of those sections to conduct that occurred before July 1, 1981.
[2] The elements of "aggravation" found within the Code 1975, § 13-11-2, guilt-finding phase are not to be confused with the § 13-11-6 "aggravating circumstances" considered in the sentence-determining phase of a case.
[3] Because the second trial of Julius clearly complied with the bifurcation mandate of Beck v. State, 396 So.2d 645 (Ala. 1980), we need not address the problem stated in Ritter v.Smith, 726 F.2d 1505 (11th Cir. 1984).