* Note from the Reporter of Decisions:
Defendant Nelson's conviction and death sentence were affirmed by opinions of the Alabama Court of Criminal Appeals and the Alabama Supreme Court in 1987. See 511 So.2d 225 and511 So.2d 248. The United States Supreme Court denied certiorari on May 16, 1988. See 486 U.S. 1017, 108 S.Ct. 1755,100 L.Ed.2d 217.
Following a federal habeas corpus review, see Nelson v.Nagle, 995 F.2d 1549 (11th Cir. 1993), the Circuit Court of Jefferson County conducted a new sentencing hearing. The circuit court again sentenced the defendant to death, on August 26, 1994. This appeal is from that sentencing order.
This defendant's original appeal carried docket number 6 Div. 892 in the Court of Criminal Appeals; on certiorari review it carried Alabama Supreme Court docket number 86-528. In the present proceeding, upon the forwarding to the Supreme Court, the case was assigned docket number 1860528 (apparently a computer version of the original number assigned in that court on the earlier certiorari proceeding).
 On Remand from the Alabama Supreme Court
David Larry Nelson, the appellant, was initially indicted for the capital offense of murder in the first degree for intentionally killing two or more human beings by one act or a series of acts. Code of Alabama 1975, § 13-11-2(a)(10).[1] The appellant filed a motion to quash the indictment, which was overruled by the trial court after the parties stipulated that the initial indictment be nolprossed and that the appellant be indicted for two separate capital offenses: an intentional killing during the commission of a robbery or an attempt thereof, § 13-11-2(a)(2), and murder committed by a defendant who has been convicted of murder in the first or second degree in the 20 years preceding the crime, § 13-11-2(a)(13). Subsequently, the appellant was indicted in two separate indictments: one charging the intentional killing of James Dewey Cash while in the course of robbing him, and one charging the murder of Wilson W. Thompson after having been convicted of murder in the second degree within 20 years preceding the murder of Thompson.
The proceeding before us arises out of the indictment of the appellant charging the murder of Thompson after having been convicted of another murder within the preceding 20 years.[2] The appellant was first tried for this offense in October 1978, found guilty as charged, and sentenced to death by the trial court. On appeal, we reversed the judgment and remanded the case for a new trial on the mandate of Beck v. Alabama,447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392, on remand,396 So.2d 645 (Ala. 1980), and Ritter v. State, 403 So.2d 154 (Ala. 1981).Nelson v. State, 405 So.2d 50 (Ala.Cr.App. 1981).
The appellant was tried again for the same capital offense, § 13-11-2(a)(13), in accordance with the bifurcated procedures outlined in Beck v. Alabama. A jury found him guilty of the capital offense charged in the indictment and, after a separate sentencing hearing, unanimously recommended that he be sentenced to death. The trial court held a second sentencing hearing on aggravating and mitigating circumstances and found the existence of two aggravating circumstances[3] and no mitigating circumstances. After weighing the aggravating circumstances and noting the absence of mitigating circumstances, the court, on April 2, 1982, sentenced the appellant to death. The appellant's conviction and sentence were affirmed on direct appeal. Nelson v. State, 511 So.2d 225
(Ala.Cr.App. 1986), aff'd, 511 So.2d 248 *Page 255 
(Ala. 1987), cert. denied, 486 U.S. 1017, 108 S.Ct. 1755,100 L.Ed.2d 217 (1988).
Thereafter, the appellant filed a petition in the circuit court of Jefferson County, seeking post-conviction relief pursuant to Ala.R.Cr.P.Temp. 20.[4] The petition was denied; however, the state and the appellant entered into a stipulation pursuant to which the appellant agreed to forgo a direct appeal of the denial of his post-conviction petition in state court and, instead, would petition the federal courts for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He filed the petition for writ of habeas corpus in the United States District Court for the Northern District of Alabama. That court held that the prosecutor's reading of a passage from Eberhartv. State, 47 Ga. 598 (1873), to the jury at the sentencing phase of the trial constituted improper closing argument. The court conditionally issued the writ of habeas corpus, unless the state afforded the appellant a new sentencing hearing.Nelson v. Nagle, [CV-90-PT-2653-S, August 19, 1991] U.S.Dist. of Ala., Southern Div. On appeal, the Court of Appeals for the Eleventh Circuit left the appellant's conviction intact, but affirmed the district court's conditional issuance of the writ of habeas corpus requiring a new penalty phase proceeding, holding that the prosecutor's quotation from Eberhart v. State, which suggested that precedent discourages the consideration of mercy in capital cases, rendered the sentencing phase of the appellant's trial fundamentally unfair and in violation of his rights under the Fifth and Fourteenth Amendments. Nelson v.Nagle, 995 F.2d 1549 (11th Cir. 1993).[5]
As a result of the decision in Nelson v. Nagle, a new sentencing hearing was held by the trial court on February 14-16, 1994. Pursuant to § 13A-5-46(b), a new jury was impaneled for the purpose of the sentencing hearing; the state presented evidence of the capital crime charged, § 13A-5-45; and the jury returned a verdict recommending unanimously that the appellant be sentenced to death. A second sentencing hearing was held before the trial court on February 16, 1994, and the court, finding the existence of the aggravating circumstance that the appellant had been convicted of murder in the second degree within 20 years preceding the commission of the offense giving rise to the instant case (§ 13-11-6(2)) and finding no mitigating circumstances, sentenced the appellant to death. The appellant represented himself at the sentencing proceedings,[6] offered no evidence in mitigation, and asked the jury and the trial court to sentence him to death. He was advised of his right to an automatic appeal. We hold that a competent defendant can waive the presentation of mitigating evidence at a capital sentencing proceeding, provided the trial court carefully weighs possible statutory and nonstatutory mitigating circumstances against the aggravating circumstances to assure that death is the appropriate sentence. See Pettit v.State, 591 So.2d 618 (Fla. 1992), cert. denied, 506 U.S. 836,113 S.Ct. 110, 121 L.Ed.2d 68 (1992); Hamblen v. State,527 So.2d 800 (Fla. 1988). The appellant was not *Page 256 
only competent to represent himself in the proceedings, but he was also competent to waive the presentation of mitigating circumstances.
On May 12, 1994, the appellant filed a motion in the trial court seeking to waive appellate review of his case. On May 17, 1994, he filed a motion with this court seeking to waive appellate review and asking us to transmit his case directly to the Alabama Supreme Court so that that court could set an execution date as soon as possible. On September 2, 1994, in response to the appellant's motion seeking to waive appellate review, we remanded the case to the trial court with instructions to conduct a hearing to determine whether the appellant's waiver of appellate review was knowing and voluntary. Pursuant to our instructions, the trial court held the hearing and, on September 27, 1994, entered its order finding that the appellant intelligently and knowingly waived his right to appellate review. After the trial court filed a return to remand, we dismissed the appeal on the appellant's motion on October 21, 1994, and transmitted the case to the Alabama Supreme Court for the setting of an execution date. Because there can be no waiver of appellate review in a case in which the death penalty has been imposed, the remand of this case to the trial court to determine if the appellant intelligently and knowingly waived his right to appeal and the subsequent dismissal of the appeal and transmittal of this case to the Alabama Supreme Court for the setting of an execution date were inappropriate. On April 11, 1995, the Alabama Supreme Court remanded the case to this court with instructions to review the appellant's death sentence in accordance with the Alabama Death Penalty Act. Throughout these proceedings, the appellant has declined to present any evidence in mitigation, has sought to waive appellate review, and has requested execution as soon as possible. After being afforded an opportunity to file a brief in this court, he has declined to do so.
In all cases in which a defendant has been sentenced to death in this state, the judgment of conviction shall be subject to automatic review and the sentence of death shall be subject to review by the Court of Criminal Appeals and the Alabama Supreme Court in accordance with the provisions of § 13A-5-53. §13A-5-55; § 12-22-150; Ala.R.App.P. 39(b); Ala.R.App.P. 45A. This review is mandatory and cannot be waived. Before a defendant can be executed, the sentence of death must be found appropriate by both the Court of Criminal Appeals and the Alabama Supreme Court, after a review of the aggravating and mitigating circumstances found by the trial court. Richardsonv. State, 376 So.2d 205 (Ala.Cr.App. 1978), aff'd, 376 So.2d 228
(Ala. 1979). The responsibilities and procedures set out in our statutes and rules pertaining to the death penalty are not to be suspended simply because an accused invites or seeks the death penalty. A defendant cannot be executed in this state unless his guilt and the propriety of his sentence have been established. In order to properly review a capital case to determine if death is the appropriate penalty, we must have a meaningful record from the trial court. In order to provide such a record, the trial court must conduct a full and fair sentencing hearing in accordance with the appropriate statutes and enter complete written findings as to the aggravating and mitigating circumstances.
In this case, we find no error in the sentencing proceeding conducted before the jury; however, the sentencing proceeding before the trial court fails to meet the requirements of §13A-5-47. First, the trial court did not order and receive a written presentence report as required by § 13A-5-47(b). This requirement is mandatory in a case in which the death penalty has been imposed and cannot be waived. Second, the trial court did not comply with § 13A-5-47(d), in that it did not enter specific written findings concerning the existence ornonexistence of each circumstance enumerated in § 13A-5-49, each mitigating circumstance enumerated in § 13A-5-51, and any additional mitigating circumstances offered pursuant to §13A-5-52. Third, the trial court failed to enter written findings of fact summarizing the crime and the appellant's participation in it. The requirements set out in § 13A-5-47
must be met by the trial court before it makes a determination of sentence, and the *Page 257 
record on appeal must reflect full compliance by the trial court with the statute; otherwise, we cannot meet our responsibility in reviewing the actions of the trial court and the sentence, as required by § 13A-5-53.
For the above reasons, we remand this case to the trial court with instructions that it conduct another sentencing hearing and strictly follow the appropriate statutory requirements. At this hearing, the appellant should be allowed to respond to the presentence report and to present any evidence about any part of the report as to which there is a factual dispute. The presentence report should contain all relevant information prescribed by law or court rule in felony cases and should include all information pertaining to the appellant that would be relevant to the determination of sentence, including current information up to the date of sentencing. Of course, the appellant and his standby counsel should be present during the proceedings. The trial court is instructed to take all action necessary to permit the clerk of the circuit court to file with this court a return within 28 days from the release of this opinion. The return should include the sentencing order of the trial court and a transcript of the hearing proceedings.
REMANDED WITH INSTRUCTIONS.
All Judges concur.
[1] The 1975 capital punishment statute, as codified at §§ 13-11-1 through 13-11-9, was, upon adoption of the new criminal Code, effective January 1, 1980, recodified in identical language as §§ 13A-5-30 through 13A-5-38. These sections were then repealed effective July 1, 1981, by the 1981 capital offense statute, which applies only to conduct occurring on or after July 1, 1981; the repeal of §§ 13A-5-30 through 13A-5-38 did not affect the applicability of those sections to conduct that occurred before July 1, 1981. Because the actions that form the bases of the charges against the appellant occurred in 1978, those sections are applicable here.
[2] The appellant was first tried for the capital offense of killing James Dewey Cash during a robbery. He was convicted and sentenced to death. The Court of Criminal Appeals affirmed the conviction on February 26, 1980, but remanded the case to the trial court for proper sentencing. Nelson v. State,405 So.2d 392 (Ala.Cr.App. 1980). The Alabama Supreme Court granted certiorari review and, on August 28, 1981, reversed the judgment and remanded the case to this court on authority ofBeck v. Alabama, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392
(1980); Beck v. State, 396 So.2d 645 (Ala. 1980); Ritter v.State, 403 So.2d 154 (Ala. 1981); and Reed v. State,407 So.2d 162 (Ala. 1981). Ex parte Nelson, 405 So.2d 401 (Ala. 1981). We, accordingly, reversed the judgment and remanded the case to the trial court on October 6, 1981. 405 So.2d 401
(Ala.Cr.App. 1981). Nelson was tried again and on November 27, 1982, found guilty of the first degree murder of Cash. He was sentenced to life imprisonment in the penitentiary. On appeal, this second conviction was affirmed. 452 So.2d 1367
(Ala.Cr.App.), cert. denied, 452 So.2d 1367 (Ala. 1984). The facts and circumstances surrounding this crime are set out in detail in Nelson v. State, 405 So.2d 392 (Ala.Cr.App. 1990).
[3] The aggravating circumstances that the trial court found were: (1) that the appellant had been previously convicted of murder in the second degree, a felony involving the use or threat of violence to the person, in the circuit court of Jefferson County, on August 28, 1974, that conviction being within 20 years preceding the commission of the offense giving rise to the instant case (this aggravating circumstance is encompassed within the capital offense alleged in the indictment), and (2) that the capital offense was committed while the appellant was engaged in the commission of the crime of robbery. § 13-11-2(a)(13); § 13-11-6(2); and § 13-11-6(4).
[4] This rule is now Ala.R.Cr.P. 32, effective January 1, 1991.
[5] The court concluded that mercy is a proper consideration in the sentencing phase of a capital case in Alabama. Nelson v.Nagle, 995 F.2d at 1557.
[6] From the time of the Temp. Rule 20 proceedings referred to above until the present, the appellant has acted as his own counsel. A hearing was held in the trial court to determine whether the appellant intelligently and knowingly waived his right to court-appointed counsel, and the court entered its order on December 1, 1987, finding that the appellant had intelligently and knowingly waived his right to counsel during post-conviction matters pertaining to his case. The Alabama Supreme Court affirmed this order on December 15, 1987, holding that counsel was not to be appointed for the prosecution of the appeal. Ex parte Nelson, 532 So.2d 660 (Ala. 1987). We have examined the record pertaining to the appellant's waiver of counsel and find that the appellant's waiver of counsel and decision to represent himself were knowingly and intelligently made. The record in this regard meets the requirements of Teskev. State, 507 So.2d 569 (Ala.Cr.App. 1987), and Gillespie v.State, 644 So.2d 1284 (Ala.Cr.App.), cert. denied,644 So.2d 1284 (Ala. 1994). See also Faretta v. California, 422 U.S. 806,95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). The appellant has a constitutional right to represent himself, and he was and is clearly competent to do so. The trial court appointed standby counsel to assist the appellant, and they were present during all the proceedings and did on occasion confer with the appellant at his request.