On Return to Remand
Finding the sentencing hearing before the trial court deficient in certain respects, we remanded this cause on August 18, 1995, with instructions for the trial court to conduct another sentencing hearing in accordance with § 13A-5-47, Code of Alabama 1975, and to resentence the appellant. We found the prior sentencing hearing in this capital case deficient because the trial court did not order, receive, and consider a presentence report as required by § 13A-5-47(b); did not enter specific written findings concerning the existence or nonexistence of each aggravating circumstance enumerated in §13A-5-49, each mitigating circumstance enumerated in §13A-5-51, and any additional mitigating circumstances offered pursuant to § 13A-5-52; and did not enter specific written findings of fact summarizing the crime committed by the appellant and his participation in it.
The trial court has complied with our order on remand. It has held the sentencing hearing in accordance with our instructions and has duly filed its return with this court. The return includes a transcript of the sentencing hearing and a formal sentencing order showing that the trial court made specific findings concerning the existence or nonexistence of aggravating and mitigating circumstances. Although the formal sentencing order does not contain written findings of the trial court summarizing the crime and the appellant's participation in it, the transcript of the sentencing hearing contains such findings, which were read into the record by the trial court in open court. Although we interpret the statute to mandate that such specific findings be included in the formal sentencing order, we nevertheless find that, under the rare circumstances presented in this case,[1] the findings of fact and the findings in reference to the appellant's participation in the crime that were dictated into the record meet the requirements of §13A-5-47(d) and provide us with a "meaningful record" upon which to review the appellant's sentence.
Because we have a meaningful record before us, we will not remand this case to the trial court for it to amend its order because to do so would not benefit the appellant and it would further unnecessarily delay these proceedings. We also note that the presentence investigation report is not mentioned in the formal sentencing order. However, the transcript of the sentencing hearing shows that it was ordered and received by the trial court; that the appellant was afforded the opportunity to make corrections and additions to the report, which he did; and that the trial court considered the report in deciding upon the sentence. We find that in this case the proceedings in reference to the report, which are set out in the transcript of the hearing, meet the sentencing requirements of the statute. We note that neither the appellant nor the state has raised any objection to the sentencing proceedings or to the trial court's sentencing order. The return also shows that the trial court considered the evidence presented during the sentencing phases of the trial; weighed the aggravating and mitigating circumstances as required by § 13A-5-47(e); considered the *Page 259 
advisory verdict of the jury; considered the presentence report; and, finding the existence of two aggravating circumstances while noting the absence of any mitigating circumstances, resentenced the appellant to death. Having previously found no error in the sentencing proceedings before the jury, we now review the sentencing proceedings before the trial court and the judgment of the trial court sentencing the appellant to death. In accordance with Ala.R.App.P. 45A, we have examined the record for any plain error, whether or not brought to our attention or to the attention of the trial court, and have found none.
We have also reviewed the appellant's sentence pursuant to § 13A-5-53, which requires that, in addition to reviewing for any error involving the conviction, we also review the propriety of the death sentence. This review must include a determination of the following: (1) whether any error adversely affecting the rights of the appellant was made in the sentence proceedings; (2) whether the trial court's findings concerning the aggravating and mitigating circumstances were supported by the evidence; and (3) whether death is the appropriate sentence in the case. Section 13A-5-53(b) requires that, in determining whether death is the proper sentence, we determine: (1) whether the sentence of death was imposed under the influence of passion, prejudice, or any other arbitrary factor; (2) whether our independent weighing of the aggravating and mitigating circumstances indicates that death is the proper sentence; and (3) whether the sentence of death is excessive or disproportionate to the penalty imposed in similar cases, considering both the crime and the appellant.
After the appellant's conviction for the capital offense with which he was charged, a separate sentence hearing was held before the jury in accordance with §§ 13A-5-45 and -46. After hearing evidence concerning aggravating and mitigating circumstances; after being properly instructed by the trial court as to the applicable law; and after being correctly advised as to its function in finding aggravating and mitigating circumstances, in weighing those circumstances, if appropriate, and its responsibility in reference to the return of an advisory verdict, the jury returned a unanimous verdict recommending a punishment of death.
At the sentencing hearing before the trial court, which we are now reviewing, the trial court ordered and received a written presentence investigation report, as required by §13A-5-47(b). After the hearing, the trial court entered specific written findings concerning the existence or nonexistence of each aggravating circumstance enumerated in §13A-5-49, and the existence or nonexistence of any mitigating circumstance enumerated in § 13A-5-51, and any mitigating circumstance found to exist under § 13A-5-52, as well as findings of fact summarizing the crime and the appellant's participation in it.
In its findings of fact, the trial court found the existence of two aggravating circumstances: "The defendant was previously convicted of another capital offense or a felony involving the use or threat of violence to the person"; and "[t]he capital offense was committed while the defendant was engaged or was an accomplice in the commission of, or an attempt to commit, or flight after committing, or attempting to commit . . . robbery." § 13A-5-49(2) and (4). It found no mitigating circumstances. It considered the presentence investigation report along with the advisory verdict of the jury, and considered the aggravating circumstances while noting the absence of any mitigating circumstance, and sentenced the appellant to death.
The appellant stands convicted of the offense of "murder by a defendant who has been convicted of any other murder in the 20 years preceding the crime," a capital offense. §13A-5-40(a)(13). We take judicial notice that similar crimes have been punished capitally throughout this state. See Nelsonv. State, 511 So.2d 225, 244 (Ala.Cr.App. 1986), and cases cited therein.
We find no evidence that the sentence was imposed under the influence of passion, prejudice, or any other arbitrary factor. We conclude that the sentencing findings and conclusions of the trial court are supported by the evidence. We concur in the judgment of the trial court that death is the appropriate *Page 260 
sentence in this case. After considering the aggravating circumstances and noting the complete absence of mitigating circumstances, we are convinced that the sentence of death is appropriate for this appellant. Considering the crime and this appellant, we find that the sentence of death is neither excessive nor disproportionate to the penalty imposed in similar cases.
Accordingly, the appellant's sentence of death is due to be, and is hereby, affirmed.
AFFIRMED.
All Judges concur.
[1] At the sentencing hearing before the jury, the appellant offered no evidence in mitigation, and he asked the jury, and subsequently the trial court, to sentence him to death. He also filed a motion with this court seeking to waive appellate review and asking us to transmit this case directly to the Alabama Supreme Court so that that court could set an execution date as soon as possible. Throughout the lengthy proceedings involved in this aspect of this case, the appellant has declined to present any evidence in mitigation, has sought to waive appellate review, and has requested immediate execution. Finally, we note that he has declined to file any brief in this court on his behalf.