David Larry Nelson was charged with murder made capital by § 13A-5-40(13), Ala. Code 1975. For a defendant to be punished under that section, the defendant must have committed a murder after having been convicted of a first or second degree murder within the preceding 20 years. A jury found Nelson guilty and the judge sentenced him to death by electrocution, after considering the aggravating circumstances listed in Ala. Code 1975, § 13A-5-49. The Court of Criminal Appeals affirmed the conviction and the sentence. Nelson v. State, 681 So.2d 257
(Ala.Crim.App. 1996). *Page 261 
Nelson has not asked this Court to review his conviction and death sentence. In fact, the record shows that Nelson has asked numerous times that he be executed promptly. Nevertheless, this case is before us for an automatic review pursuant to §13A-5-55 and § 13A-5-53.
Nelson was first convicted for this crime in 1978. However, that first conviction was reversed for a new trial on the mandate of Beck v. Alabama, 447 U.S. 625, 100 S.Ct. 2382,65 L.Ed.2d 392, on remand, 396 So.2d 645 (Ala. 1980), and Ritter v.State, 403 So.2d 154 (Ala. 1981), on remand, 403 So.2d 158
(Ala.Crim.App. 1981), vacated, 454 U.S. 885, 102 S.Ct. 376,70 L.Ed.2d 200 (1981). See Nelson v. State, 405 So.2d 50
(Ala.Crim.App. 1981). Nelson was convicted again and, under the new bifurcated procedures required under Beck, was sentenced to death. The trial court found two aggravating circumstances and no mitigating circumstances. The aggravating circumstances were: (1) that Nelson had previously been convicted of murder in the second degree; and (2) that this present offense was committed in the course of the commission of a felony, specifically, robbery.
Nelson's second conviction was affirmed by the Court of Criminal Appeals and by this Court. Nelson v. State,511 So.2d 225 (Ala.Crim.App. 1986), aff'd, 511 So.2d 248 (Ala. 1987), cert. denied, 486 U.S. 1017, 108 S.Ct. 1755, 100 L.Ed.2d 217
(1988). Nelson then petitioned the United States District Court for the Northern District of Alabama for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. That court conditionally granted the petition unless the State afforded Nelson a new sentencing hearing. The United States Court of Appeals for the Eleventh Circuit affirmed. Nelson v. Nagle, 995 F.2d 1549 (11th Cir. 1993).
A new sentencing hearing was held February 14-16, 1994. The jury recommended that Nelson be sentenced to death, and the trial judge sentenced him to death. On May 17, 1994, Nelson filed with the Court of Criminal Appeals a motion seeking to waive appellate review of his conviction and to have his execution date set by this Court.[1] On September 2, 1994, the Court of Criminal Appeals, without an opinion, asked the trial court to determine whether Nelson had properly waived his right to be represented by counsel at prior hearings. In response, the trial court said that Nelson had properly waived it, and the trial court returned the case to the Court of Criminal Appeals, which by an opinion of October 21, 1994, 668 So.2d 933, transmitted the case to this Court for the setting of an execution date.
On April 11, 1995, this Court, without an opinion, remanded the case to the Court of Criminal Appeals, with instructions to review the death sentence in accordance with the Alabama Death Penalty Act. The Court of Criminal Appeals reviewed the case and remanded it to the trial court for another sentencing hearing because the trial court had not ordered, received, and considered a presentence report, as required by § 13A-5-47(b); had not entered specific written findings concerning the existence or nonexistence of each aggravating circumstance enumerated in § 13A-5-49, each mitigating circumstance enumerated in § 13A-5-51, and any additional mitigating circumstances offered pursuant to § 13A-5-52; and had not entered specific written findings of fact summarizing the crime committed by the appellant and his participation in it. See the Court of Criminal Appeals opinion of August 18, 1995,681 So.2d 252. On remand, the trial Court complied with the directions of the Court of Criminal Appeals and reimposed the conviction and death sentence. The Court of Criminal Appeals again affirmed the conviction *Page 262 
and sentence. Nelson v. State, 681 So.2d 257
(Ala.Crim.App. 1996).
In accordance with Ala. R. App. P. 45, we have reviewed the record for any plain error, whether or not it was brought to our attention or to the attention of the trial court. After reviewing the record and the April 19, 1996, opinion of the Court of Criminal Appeals, we find no error in the process leading to the conviction. Moreover, we find that the opinion of the Court of Criminal Appeals addresses the three requirements of § 13A-5-53(a), as well as the three requirements of § 13A-5-53(b).
We have also done a thorough analysis of the three questions suggested in § 13A-5-53(b). As for the first question, we conclude that no passion, prejudice, or other arbitrary factor influenced the imposition of the death penalty. In fact, Nelson himself asked the jury to simply follow the law and to sentence him to death. The second question is whether "an independent weighing of the aggravating and mitigating circumstances at the appellate level indicates that death was the proper sentence." We agree with the trial court that there were two aggravating circumstances and no mitigating circumstances. The two aggravating circumstances were: (1) "[t]he defendant was previously convicted of another capital offense or a felony involving the use or threat of violence to the person"; and (2) "[t]he capital offense was committed while the defendant was engaged or was an accomplice in the commission of, or an attempt to commit, or flight after committing, or attempting to commit [a] robbery." § 13A-5-49(2) and (4). Our independent weighing of the aggravating circumstances, considering the absence of any mitigating circumstances, indicates that death is the proper sentence in this case.
The third question is whether the sentence in this case "is excessive or disproportionate to the penalty imposed in similar cases." See Jenkins v. State, 627 So.2d 1034
(Ala.Crim.App. 1992), aff'd, 627 So.2d 1054 (Ala. 1993); Ex parte Ford,515 So.2d 48 (Ala. 1987), cert. denied, 484 U.S. 1079,108 S.Ct. 1061, 98 L.Ed.2d 1023 (1988); Morrison v. State, 500 So.2d 36
(Ala.Crim.App. 1985), aff'd, 500 So.2d 57 (Ala. 1986), cert. denied, 481 U.S. 1007, 107 S.Ct. 1634, 95 L.Ed.2d 207 (1987);Neelley v. State, 494 So.2d 669 (Ala.Crim.App. 1985), aff'd,494 So.2d 697 (Ala. 1986), cert. denied, 480 U.S. 926,107 S.Ct. 1389, 94 L.Ed.2d 702 (1987); Giles v. State, 632 So.2d 568
(Ala.Crim.App. 1992), aff'd, 632 So.2d 577 (Ala. 1993), cert. denied, ___ U.S. ___, 114 S.Ct. 2694, 129 L.Ed.2d 825 (1994). After reviewing these cases, we have determined that Nelson's sentence is not excessive or disproportionate.
Furthermore, we have also reviewed the aggravating circumstances and considered the absence of mitigating circumstances, pursuant to Ala. Code 1975, § 13A-5-49, §13A-5-51, and § 13A-5-52. We conclude that the trial court did not err in sentencing Nelson to death and that the Court of Criminal Appeals did not err in affirming the sentence.
Accordingly, we affirm the judgment of the Court of Criminal Appeals. Upon the release of this opinion and in accordance with Ala.R.App. P. 8(d)(1), an execution date will be set by the entry of an appropriate order.
AFFIRMED.
MADDOX, ALMON, SHORES, HOUSTON, KENNEDY, INGRAM, COOK, and BUTTS, JJ., concur.
[1] In its April 19, 1996, opinion, the Court of Criminals Appeals stated:
 "At the sentencing hearing before the jury, the appellant offered no evidence in mitigation, and he asked the jury, and subsequently the trial court, to sentence him to death. He also filed a motion with this court seeking to waive appellate review and asking us to transmit this case directly to the Alabama Supreme Court so that that court could set an execution date as soon as possible. Throughout the lengthy proceedings involved in this aspect of this case, the appellant has declined to present any evidence in mitigation, has sought to waive appellate review, and has requested immediate execution. Finally, we note that he has declined to file any brief in this court on his behalf."
681 So.2d at 258 n. 1.